**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>       Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT HEALTH AND<br>HUMAN SERVICES<br>200 Independence Ave., SW<br>Washington, D.C. 20201,<br><br>       Defendant. | Civil Case No. 1:25-cv-785 |

**COMPLAINT**

1.      Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Health and Human Services ("HHS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel HHS's compliance with FOIA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4.      Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical

conduct to all public servants. PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5.        Defendant HHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  HHS has possession, custody, and control of records responsive to Plaintiff's FOIA request.

**STATEMENT OF FACTS**

6.        On August 13, 2024, PPT submitted two FOIA requests to HHS's Centers for Disease Control and Prevention ("CDC") and Food and Drug Administration ("FDA") requesting records related to communications with CDC and FDA officials regarding the scientific integrity council (attached as Exhibits A and B).

7.        Request A (Exhibit A) requested records from January 20, 2021, through the date the request was processed for:

a.  Records of communications to, from and including the list of officials regarding the establishment of a scientific integrity council.
b.  Search Terms:
- Protecting agency independence
- Strengthening scientific integrity
c.  Officials:
- Director of the CDC, Mandy K. Cohen
- Principal Deputy Director, Nirav D. Shah
- Deputy Director for Program and Science/Chief Medical Officer, Debra Houry
- Deputy Director for Policy, Communications, and Legislative Affairs/Chief Strategy Officer, Andi Lipstein Fristedt
- Director of the Office of Communications, Kevin Griffis
- Office of the Chief of Staff, Kate Wolff
- Office of Science Director and CDC Chief Science Officer, Sam Posner
- Principal Deputy Director for Office of Science, Althea Grant-Lenzy
- Deputy Director for Science, CDC Scientific Integrity Official, and CDC Research Integrity Officer, Joanne Cono

2

- Deputy Director for Strategy and Implementation, Locola Hayes
- Office of Science Associate Director for Communications, Alanna Moorer
- Associate Director for Policy in CDC's Office of Science, Elizabeth Hoo
- Director of the Office of Public Health Ethics and Regulations in CDC's Office of Science, Maryam Daneshvar
- Director of the Office of Scientific Evidence and Recommendations (OSER) within CDC's Office of Science, Amy Lansky

8.    Request A seeks documents in the public's interest because it will help the public's understanding of CDC's compliance with its own mission and responsibilities based upon CDC's internal communications regarding the establishment of a scientific integrity council.

9.    On August 13, 2024, CDC acknowledged receipt of the Request (Exhibit A) and assigned it Case Number24-01527-FOIA (attached as Exhibit C).

10.    On February 3, 2025, CDC requested PPT's response whether it was still interested in the requested records due to the passage of time (attached as Exhibit D).

11.    On February 7, 2025, PPT a response confirming it was still interested (attached as Exhibit E).

12.    On February 7, 2025, CDC requested clarification, and PPT clarified its request further on February 26, 2025 (Exhibit E).

13.    As of the date of filing, PPT has not received any further communication regarding the records from Request A.

14.    Request B (Exhibit B) requested records from January 20, 2021, through the date the request was processed for:

d. Records of communications to, from and including the list of officials regarding the establishment of a scientific integrity council.
e. Search Terms:
- Protecting agency independence
- Strengthening scientific integrity

- Political meddling or political interference
- Manipulating science
- Rigorous research
- Shield researchers
- Collective bargaining

 f. Officials:
- Commissioner of the FDA, Robert M. Califf
- Principal Deputy Commissioner, Namandje N. Bumpus
- Chief Counsel, Mark Raza
- Chief Information Officer, Vid Desai
- Chief Medical Officer, Hilary D. Marston
- Acting Chief Scientist, David G Strauss
- Chief of Staff, Elizabeth Jungman
- Deputy Commissioner for Policy, Legislation, and International Affairs, Kimberlee Trzeciak
- Deputy Commissioner for Operations and Chief Operating Officer, James Sigg
- Office of Scientific Integrity Director, G. Matthew Warren, JD

15. Request B seeks documents in the public's interest because it will help the public's understanding of FDA's compliance with its own mission and responsibilities based upon FDA's internal communications regarding the establishment of a scientific integrity council.

16. On August 16, 2024, FDA acknowledged receipt of the Request (Exhibit B) and assigned it FOIA Control # 2024-7302 (attached as Exhibit F).

17. As of the date of filing, PPT has not received any further communication regarding the records from Request B.

18. HHS has still not made any determinations with regard to PPT's FOIA Request despite over 212 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  HHS has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

19. HHS has thus violated its FOIA obligations.

20.     Because HHS has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24.     PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25.     PPT's HHS requests discussed above were properly submitted requests for records within the possession, custody, and control of HHS.

26.     HHS is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27.     HHS is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28.     HHS's failure to provide all non-exempt responsive records violates FOIA.

29.     Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring HHS to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A)  Assume jurisdiction in this matter and maintain jurisdiction until HHS complies with the requirements of FOIA and any and all orders of this Court.

B)  Order HHS to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C)  Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D)  Grant PPT other such relief as the Court deems just and proper.

Dated: March 17, 2025                     Respectfully submitted,

                                          PROTECT THE PUBLIC'S TRUST

                                          By Counsel:
                                          /s/ Karin M. Sweigart

                                          Karin Moore Sweigart
                                          D.D.C. Bar ID: CA00145
                                          DHILLON LAW GROUP, INC.
                                          177 Post Street, Suite 700
                                          San Francisco, CA 94108
                                          Telephone: 415-433-1700
                                          KSweigart@Dhillonlaw.com

                                          Jacob William Roth
                                          D.D.C. Bar ID: 1673038
                                          DHILLON LAW GROUP, INC.
                                          1601 Forum Plaza, Suite 403
                                          West Palm Beach, Florida 33401
                                          Telephone: 561-227-4959
                                          JRoth@Dhillonlaw.com

                                          *Counsel for the Plaintiff*